IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | CR. NO.:2:07 cr 286 MHT - CSC |
| ) | |
| **JOSEPH SCOTT HOLCOMB** ) | |

### DEFENDANT'S MOTION TO SUPPLEMENT
### PENDING MOTION TO SUPPRESS
### AND CITATIONS OF AUTHORITY

**COMES NOW**, the Defendant, Joseph Holcomb, by and through undersigned counsel and, pursuant to the Fourth and Fifth Amendments to the United States Constitution, moves this Court to permit Defendant to supplement his pending Motion to Suppress all evidence and statements seized as a result of the stop, search and seizure of the blue and silver Ford pickup truck driven by Joseph Holcomb on May 31, 2007, by adding the following additional grounds:.

### Issues Presented

I.  Alabama Code Section 32-5A-136 entitled "stopping, standing or parking outside of business or residence districts," which was the offense for which Mr. Holcomb was stopped and issued a citation, violates the constitutional right to Due Process as preserved in the Fifth and Fourteenth Amendments, in that it is vague on its face and/or as applied, thus imposing an arbitrary restriction on personal liberties, and thus fails to provide adequate notice of potential violation as required by the right to Due Process.

II.  The questioning of Mr. Holcomb at the scene of the traffic stop, without a

*Miranda* warning, violated Mr. Holcomb's rights under the Fifth Amendment to the Constitution.

## Argument

**I. Alabama Code Section 32-5A-136 violates the right to Due Process.**

As described in the police officers' testimony at the suppression hearing on February 13, 2008, officers have wildly differing interpretations of this statute and apparently believe the statute itself provides discretionary interpretation to the officers for purposes of enforcement. Agent Campbell, in particular, noted that what the statute "means" is "discretionary" with the individual officer.

The void-for-vagueness doctrine requires that a penal statute define prohibited criminal conduct (1) with sufficient definition that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement. *Joel v. City of Orlando*, 232 F. 3d 1353 (11th Cir. 2000), citing *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858 (1983). As is clear from the testimony presented, Alabama Code Section 32-5A-136 fails to provide sufficient details to permit law enforcement personnel to specifically define the prohibited offense. As a result, officers engage in arbitrary and inconsistent interpretation and enforcement of this statute. The statute thus violates the Due Process clause, as written and as applied.

**II.  The questioning of Mr. Holcomb at the scene of the traffic stop, without a *Miranda* warning, violated Mr. Holcomb's Fifth Amendment rights.**

As testimony at the suppression hearing established, Mr. Holcomb was asked questions while he was stopped and held by the police officers in Fort Deposit in May 2007, but was never given *Miranda* warnings, as required by the Fifth Amendment.  In response to police questioning at the site of the stop, Mr. Holcomb made inculpatory statements regarding a firearm and/or controlled substance.

The Fifth Amendment requires that persons interrogated while held by police must be told that they have a right to remain silent, that anything they say may be used against them in court, and that they are entitled to the presence of an attorney, either retained or appointed, at the interrogation.  *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  Where such warnings have not been provided, the government "may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant." 384 U.S. at 444.

The Supreme Court defined "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Ibid*.  Miranda safeguards come into play whenever a person in such custody is subjected to either express questioning or its functional equivalent ... [T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an

3

incriminating response from the suspect. The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police. *Rhode Island v. Innis,* 446 U.S. 291, 300-01 (1980). As the testimony established, Mr. Holcomb was not free to leave, was questioned by the police, but did not receive appropriate safeguards.

**WHEREFORE,** Mr. Holcomb asks this Court to permit his pending motion to suppress to be amended and supplemented, by the addition of the foregoing grounds.

Respectfully submitted,

<u>s/Christine A. Freeman</u>
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Joseph Scott Holcomb
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-Mail: Christine_Freeman@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew Shepherd, Assistant U. S. Attorney.

    Respectfully submitted,

    **s/Christine A. Freeman**
    **CHRISTINE A. FREEMAN**
    **TN BAR NO.: 11892**
    Attorney for Joseph Scott Holcomb
    Federal Defenders
    Middle District of Alabama
    201 Monroe Street, Suite 407
    Montgomery, AL 36104
    TEL:  (334) 834-2099
    FAX:  (334) 834-0353
    E-Mail: Christine_Freeman@fd.org