IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:07cr286-MHT-CSC |
| | ) | |
| JOSEPH SCOTT HOLCOMB | ) | |

<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPLEMENT PENDING
MOTION TO SUPPRESS AND CITATIONS OF AUTHORITY</u>

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion to Supplement Pending Motion to Suppress and Citations of Authority. As grounds in support of this Response, the United States sets forth the following:

**ISSUES PRESENTED**

The defendant raises two issues in his Motion to Supplement Pending Motion to Suppress and Citations of Authority:

I. The defendant argues that Ala. Code 1975 § 32-5A-136 violates due process because it is unconstitutionally vague on its face and as applied.

II. The defendant also argues that statements made by the defendant in response to questions by law enforcement during the traffic stop are inadmissible because the defendant was not given Miranda warnings prior to being questioned.

**ARGUMENT**

**I. THE DEFENDANT HAS NOT PROVEN THAT ALA. CODE. 1975 §32-5A-136 IS UNCONSTITUTIONALLY VAGUE.**

The defendant argues that Ala. Code 1975 §32-5A-136 is unconstitutionally vague as written

and as applied. Officers gave the defendant a traffic ticket for violating Ala. Code 1975 § 32-5A-136, which is entitled "Stopping, standing, or parking outside of business or residence districts." The United States first opposes the defendant's motion to because this Court is the wrong forum for the defendant to raise this claim. The defendant was cited for violating the statute in state court, pled guilty, and paid his fine. He should have raised this claim in state court when his case was still pending. Now he argues in a suppression motion that the statute is unconstitutional. However, the defendant is not charged in this proceeding with violating that statute. A motion to suppress in federal court is not a proper forum for challenging a state court traffic conviction.

The issue in this case is whether the officers acted reasonably in believing they had probable cause or reasonable suspicion for conducting a traffic stop at the time they made the stop. At the time they made the stop, there is nothing to suggest that a reasonable officer would believe the statute was unconstitutionally vague. An attack now on the traffic statute does not change the determination of whether the officers acted reasonably at the time. In this proceeding, the question is not whether the defendant is guilty of violating the statute but whether the officers acted reasonably and had probable cause to believe he violated the statute. Because the officers had no reason to believe the statute was unconstitutionally vague, they acted reasonably in relying on the statute.

Considering the merits of the merits of the claim that Ala. Code 1975 § 32-5A-136 is unconstitutionally vague, the evidence presented falls far short of making a successful claim. "A regulation is void on its face if it is so vague that persons of 'common intelligence must necessarily guess at its meaning and differ as to its application.'" Konikov v. Orange County, Florida, 410 F.3d 1317, 1329 (11th Cir. 2005) (citing Connally v. Gen. Constr. Co. 269 U.S. 385, 391, 46 S.Ct. 126,

127, 70 L.Ed. 322 (1926)). A claim that a statute is void for vagueness must "prove either that the statute fails to give fair notice of wrongdoing or that the statute lacks enforcement standards such that it might lead to arbitrary or discriminatory enforcement." Id.

The defendant has failed to present evidence that meets either requirement. There has been no evidence presented that the defendant did not know he was not permitted to park in the middle of the street or that there are no standards for enforcement. The defendant's claim is based solely on the response of Investigator Curtis Campbell at the suppression hearing that officers had to use their discretion in deciding whether vehicles were violating the statute and to issue them tickets. Investigator Campbell's answer falls far short of showing the statute is unconstitutionally vague. Every traffic stop by law enforcement necessarily involves some sort of discretion and decision making. Officers must decide whether to make a stop, whether to issue a warning, or whether to issue a ticket. Investigator Campbell's response did not clearly indicate whether he was referring to this normal police discretion or as the defendant argues, to the right of every officer to interpret the statute differently as he sees fit. This response does not provide a sufficient basis for declaring a statute to be unconstitutionally vague.

Finally, a ruling by the Court that a state statute is unconstitutional would have larger implications beyond this case. Because this claim was not a part of the defendant's motion, the government has not been given the opportunity to adequately present evidence on this issue which was not even mentioned until the conclusion of the evidentiary hearing. The United States objects to any ruling that the statute is unconstitutionally vague without being given the opportunity to present evidence on the issue

**II. THE QUESTIONING BY DEPUTY BIRTLEY OF THE DEFENDANT AT HIS VEHICLE DID NOT VIOLATE THE DEFENDANT'S FIFTH AMENDMENT RIGHTS.**

The defendant next argues that any statements made by the defendant during the course of the traffic stop of his vehicle on May 31, 2007, are inadmissible because the defendant was not advised of his rights prior to questioning by law enforcement pursuant to the Fifth Amendment and Arizona v. Miranda, 384 U.S. 436 (1966). Miranda requires that suspects be advised of their rights prior to "custodial interrogation." Id. at 478-479. A necessary element of the requirement is that the suspect must be in police custody.

In this case, the defendant's statements during the traffic stop are admissible because the United States Supreme Court has held that people who are detained during the course of a normal traffic stop are not "'in custody'" for the purposes of Miranda. Berkemer v. McCarty, 468 U.S. 420, 439 (1984). The Supreme Court came to this conclusion despite acknowledging that persons who are detained during traffic stops are not free to go and are legally "seized" for Fourth Amendment purposes. Id. at 436-437. However, the Supreme Court found that a traffic stop is only temporary and lacks the coercive atmosphere of an interrogation conducted at a police station. Id. at 437-438. As a result, detention during a traffic stop is not the equivalent of "custody" so as to trigger Miranda warnings. A traffic stop may turn into custody if a formal arrest is made or if the actions of the officers are so coercive that it becomes the equivalent of custody. Id. at 440.

Here, the defendant seeks to suppress statements made during the traffic stop when Deputy Birtley asked the defendant if there were any guns or drugs in the vehicle. This question was asked while the defendant was still in the vehicle when Deputy Birtley first approached the vehicle and saw a rifle in the vehicle. The defendant was not placed in handcuffs, physically restrained, or formally

arrested on May 31, 2007. Such questioning did not amount to a custodial interrogation but was a permissible part of the traffic stop. See also United States v. Teemer, 394 F.3d 59 (1st Cir. 2005) (no Miranda warnings required for questioning during traffic stop that lasted slightly longer than 30 minutes); United States v. Jackson, 280 F.3d 403, 405 (4th Cir. 2002) (questioning about presence of firearms or drugs at roadblock stop did not require Miranda warnings).

Because the defendant was not in custody for purposes of Miranda when asked about his possession of firearms or drugs during the traffic stop of the defendant on May 31, 2007, officers were not required to give the defendant Miranda warnings pursuant to Berkemer, and his statements are admissible.

**WHEREFORE,** for the reasons described above, the United States respectfully requests that the Defendant's Motion to Supplement Pending Motion to Suppress and Citations of Authority be DENIED.

Respectfully submitted this 25th day of February, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Matthew W. Shepherd
MATTHEW W. SHEPHERD
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.02:07cr286-MHT-CSC |
| | ) | |
| JOSEPH SCOTT HOLCOMB | ) | |

## CERTIFICATE OF SERVICE

     I hereby certify that on February 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Christine Freeman, Esq, attorney for the defendant.

     Respectfully submitted,

     LEURA G. CANARY
     UNITED STATES ATTORNEY

     /s/ Matthew W. Shepherd
     MATTHEW W. SHEPHERD
     Assistant United States Attorney
     131 Clayton Street
     Montgomery, Alabama 36104
     (334) 223-7280
     (334) 223-7135 Fax
     matthew.shepherd@usdoj.gov