IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:07cr286-MHT-CSC |
| | ) | |
| JOSEPH SCOTT HOLCOMB | ) | |

GOVERNMENT'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT'S MOTION
TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby submits this supplemental brief regarding whether officers had reasonable suspicion to conduct an investigatory traffic stop of the defendant's vehicle, as requested by the Court.

FACTS

It is undisputed by the parties that Deputy Charlie McKinnon and Deputy Tom Birtley of the Lowndes County Sheriff's Officer conducted a traffic stop of the defendant's vehicle on May 31, 2007, at the corner of Rogers Street and South Pollard Street in Ford Deposit, Alabama. Witness testimony at the suppression hearing on February 19, 2008, offered conflicting versions of the location of the defendant's vehicle prior to the stop and of the time of the stop. Officer Birtley testified that the defendant's vehicle was parked in the road with its lights off, next to another vehicle facing the opposite direction, that had its lights on. Officer Birtley further testified that after his marked patrol car passed the intersection, both vehicles drove off, with the defendant's vehicle driving away with its lights off. Officer Birtley testified that the traffic stop occurred between 11:30 pm and midnight when it was dark. A traffic ticket issued by Deputy McKinnon listed the time of offense as 11:40. (Government's Exhibit 1). Investigator Curtis Campbell, who responded to the

traffic stop after marijuana was found, testified he responded between 11:30 and midnight. His report listed his response time as 11:55 pm. (Defendant's Exhibit 24). The signed statement given by the defendant stated that the incident occurred at about 11:40 pm and that he was "parked in the middle of the road." (Government's Exhibit 5). The defendant's friend Phillip Norris provided a contradictory version of events and testified that the defendant was parked off the road in an abandoned gas station lot and that the stop occurred at approximately 8:00 pm when it was only dusky. Deputy Birtley testified that the area where the stop was made was a high drug trafficking area, which the defendant disputes.

For purposes of this brief, the Court has directed that the parties assume the following facts: 1.) that the defendant was parked at night in the middle of the road without his lights on next to another vehicle; 2.) the area was a high crime area; and 3.) that the defendant drove off without his lights on when the patrol car passed by.

## ANALYSIS

*1. Officers had reasonable suspicion to conduct an investigatory stop of the defendant's vehicle.*

Deputy McKinnon and Deputy Birtley had reasonable suspicion to make an investigatory stop of the defendant's vehicle because they observed that the defendant's vehicle was parked in the middle of the road at night with its lights off next to another vehicle; that it was located in a high crime area; and that it then drove off without its lights on after the officers drove by in a marked patrol car.

When officers observe facts which create a reasonable, articulable, objective belief that an individual may be involved in illegal activity, they may conduct a limited, investigatory stop of

the person or vehicle without obtaining a warrant. See Terry v. Ohio, 392 U.S. 1 (1968). Terry permits investigatory stops of vehicles as well as of pedestrians. See United States v. Williams, 876 F.3d 1521, 1524 (11th Cir. 1989).[1] "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (citing United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)). The court must consider the "totality of the circumstances" and not look at facts in isolation from each other. United States v. Arvizu, 534 U.S. 266, 274 (2002).

In this case, the observations of Deputy Birtley provided sufficient reasonable suspicion. Deputy Birtley observed a vehicle parked in the middle of the road at night without its lights on next to another vehicle, even though there were legal parking spaces nearby. He observed this activity in a high crime area. After his patrol car drove by, the defendant's vehicle drove away without its lights on. This activity was consistent with a drug transaction being made on the street by parties who then attempted to get away after seeing the police. These observations provided at least "a minimal level of objective justification for making the stop." Wardlow, at 124.

The facts observed by Deputy Birtley are all factors which are relevant. The location of

---

[1] In Whren v. United States, 517 U.S. 806, 810 (1996), the Supreme Court held that officers were entitled to conduct a traffic stop if they had probable cause to believe that a traffic offense had been committed. This ruling did not remove from officers the ability to make a traffic stop based on the lesser standard that they had reasonable suspicion to suspect the vehicle was involved in criminal activity. United States v. Lopez-Soto, 205 F.3d 1101, 1104 (9th Cir. 2000).

activity in a high crime area is a relevant factor for officers to consider because officers are "not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation." See Wardlow, at 124.

The time of day is also a relevant factor because activity which may be reasonable and innocent during the day can become suspicious when it occurs at night. For example, loitering or parking in front of open businesses during the day is a different situation than remaining in a parked car in front of a closed business in the middle of the night. See United States v. Black, 240 Fed.Appx. 95, 98 (6th Cir. 2007) (relevant to reasonable suspicion that suspect was seen in a closed park at night).

That the defendant was parked in the road without lights on is also relevant. A person parked in the road would normally want his lights on to warn other drivers of his presence and to avoid accidents. A person might leave his lights off if he is attempting to avoid detection by the police. And a person might park in the street instead of easily available legal parking spaces in order to make a quick getaway easier. Efforts to avoid detection by the police are relevant facts for officers to consider. See Wardlow at 124 ("Our cases have recognized that nervous, evasive behavior is a pertinent factor in determining reasonable suspicion."); see also United States v. Fish, 952 F.2d 397, 952 F.2d 397 (Table), 1991 WL263120 at *9 (4th Cir. 1991).

It was also relevant that the defendant drove away without his lights on after the patrol car passed by. Although the defendant did not drive away at a high rate of speed, he still fled the area without his lights on, which an officer could reasonably interpret as an attempt to hide his flight. The Supreme Court has held that flight from the presence of police or attempts to elude

4

the police are relevant to forming reasonable suspicion, even though there may be other legitimate reasons for avoiding the police. See Wardlow at 124-125.

When officers are evaluating a situation, "the determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior." Wardlow, at 125. Officers are required to process facts which by themselves may be innocent and use their common sense to decide if the overall activity is suspicious. That is exactly what the officers did in this case in determining that reasonable suspicion existed. A reasonable officer using his common sense would naturally be suspicious of a vehicle parked at night in a high crime area without its lights on in the middle of the street next to another vehicle, that then drives away without its lights on when a patrol car passes. See United States v. Stroman, 500 F.3d 61, 64 (1st Cir. 2007) (reasonable suspicion existed to conduct Terry stop when vehicle was parked near the scene of alleged crime; vehicle had Massachusetts license plates; two individuals were in the back seat in the early morning hours; and one individual left the car wearing a leather coat in July as the officer approached and ignored directions to stop); Black, at 98-99 (reasonable suspicion existed where driver of vehicle was in a closed park at night; in a high crime area; one of the occupants was seen putting something in the back seat as if to conceal it when police approached; and officer detected an odor of alcohol); United States v. Jensen, 41 Fed.Appx. 346, 349 (10th Cir. 2002) (reasonable suspicion existed to stop car approaching known drug house; located in high crime neighborhood; at 3:30 am; when vehicle was traveling with another car that sped away as the vehicle slowed to a crawl as it approached house where officers were visible). In all of these cases, the officers' observations about the location of the vehicle, the

time of night, and the activity upon seeing police officers was relevant and combined to create reasonable suspicion.

Similarly, in United States v. Beck, 602 F.2d 726, 729 (5th Cir. 1979), officers lacked reasonable suspicion because they only observed two black males sitting in a car with its engine running in a convenience store parking lot in a high crime area in the middle of the afternoon. The police did not see any other suspicious activities and there was nothing suspicious about a car parked at a convenience store in the middle of the day.  In contrast, in this case, Deputy Birtley's observations were made at night and he observed suspicious conduct when he saw the vehicles parked in the middle of the street without their lights on and saw the defendant drive away without his lights on when he approached.

The facts observed need not be incriminating in and of themselves and can be entirely innocent actions.  But when seemingly innocent actions are combined together, the officer may assess the situation as creating a suspicion of criminal activity.  As the Supreme Court noted in the Wardlow decision, even the facts in Terry consisted of lawful acts when viewed in isolation; however, lawful acts can create ambiguities about a person's intentions and activity which an officer may investigate.  Wardlow at 125.

In order for the officers to have lawfully conducted a traffic stop of the defendant, they must have had only reasonable suspicion of criminal activity.  Deputy Birtley articulated objective facts which he observed which gave him that reasonable suspicion.  The combination of these facts together created that reasonable suspicion which Deputy Birtley was then authorized to act upon by conducting a traffic stop of the defendant.  As a result, the defendant's vehicle was lawfully stopped and the evidence found within the vehicle is admissible.

**WHEREFORE,** for the reasons described above, the United States respectfully requests that the Defendant's Motion to Suppress be DENIED.

Respectfully submitted this 25th day of February, 2008.

                          LEURA G. CANARY
                          UNITED STATES ATTORNEY

                          /s/ Matthew W. Shepherd
                          MATTHEW W. SHEPHERD
                          Assistant United States Attorney
                          131 Clayton Street
                          Montgomery, Alabama 36104
                          (334) 223-7280
                          (334) 223-7135 Fax
                          matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.02:07cr286-MHT-CSC |
| | ) | |
| JOSEPH SCOTT HOLCOMB | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Christine Freeman, Esq, attorney for the defendant.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Matthew W. Shepherd
MATTHEW W. SHEPHERD
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
matthew.shepherd@usdoj.gov