IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr286 |
| **JOSEPH S. HOLCOMB** | ) | |

ORDER

This case is now before the court on defendant Joseph S. Holcomb's motion to continue trial.  In light of the fact that the government has no objections to the continuance motion and for the reasons set forth below, the court concludes that the continuance motion should be granted.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir.), cert. denied, 479 U.S. 823 (1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a

> defendant charged in an ... indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any delay "resulting form any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt resolution of, such motion." § 3161(h)(1)(F). Additionally, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The court concludes that, in this case, a continuance is necessary. The trial is currently scheduled for March 17, 2008, but Holcomb's supplemental motion to the motion to suppress and the government's opposition are currently pending. Additionally, the parties are engaged in good

faith negotiations as to a plea agreement, but they have been unable to reach a resolution, and the court's ruling on the pending suppression issues may affect their negotiations. Thus, the ends of justice served by granting a continuance outweigh the interest of the public and Holcomb in a speedy trial.

Accordingly, it is ORDERED as follows:

(1) Defendant Joseph Holcomb's motion to continue (Doc. No. 29) is granted.

(2) Defendant Holcomb's trial and jury selection are continued to the criminal term of court commencing June 23, 2008, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson, Jr., United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 28th day of February, 2008.

                                  /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE